GEO. S. BUSH & CO., INC. *v.* UNITED STATES

No. 5475.—Invoice dated Hamm, Germany, February 7, 1936.
Certified February 11, 1936.
Entered at Seattle, Wash., April 2, 1936.
Entry No. 4626.

(Decided October 21, 1941)

*Lawrence & Tuttle* (*George R. Tuttle* of counsel) for the plaintiff.
*Charles D. Lawrence*, Acting Assistant Attorney General (*Richard F. Weeks*, *Richard H. Welsh*, and *William J. Vitale*, special attorneys), for the defendant.

TILSON, Judge: In this case the importer has appealed from the finding of regular value under section 402 of the act of 1930, and also from the appraiser's finding of dumping under the Antidumping Act of 1921. At the trial of the case counsel for the plaintiff abandoned the appeal as to the regular values under said section 402 and directed his evidence to the question of dumping.

Two witnesses testified for the plaintiff and certain documentary evidence was admitted, while counsel for the defendant offered and there were received two special agent's reports.

The merchandise is described on the invoice as "Galvanized Soft Annealed Iron Fish Trap Netting with three-ply-selvedges, with tar paper under the lap." On the record before me the only question presented for determination is whether or not the purchase price was lower, or less, than the cost of production.

Evidence was offered and received and argument made by counsel, both pro and con, as to the effect of United States dollars, gold dollars, paper dollars, askimarks, and reichsmarks being used and in-

-volved in the purchase of this merchandise and also as to the conversion of the two currencies, but regardless of the effect of or consideration given to all this, the fact still remains that the importer herein actually paid and the exporter actually received 32,679.42 reichsmarks for the merchandise covered by this appeal. No more and no less. It is also equally well established that the exporter's cost of production was 32,679.42 reichsmarks—no more and no less.

The appeal, insofar as it relates to the appraisement under section 402 of the act of 1930, having in effect been abandoned, is hereby dismissed. Insofar as the appeal relates to the finding of the appraiser that the cost of production exceeds the purchase price under the Antidumping Act of 1921, I find from the evidence that the cost of production of the merchandise does not exceed the purchase price, and that therefore no dumping existed. Judgment will be rendered accordingly.